USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/08/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
    UNITED STATES OF AMERICA,
                            Plaintiff,

               -against-

    CARLOS RIVERA, et al.,
                            Defendants,
------------------------------------------------------------ X

16 Cr. 175 (LGS)

OPINION & ORDER

LORNA G. SCHOFIELD, District Judge:

       Defendants Amaury Torres and Ian Rosso (collectively, "Defendants") move to suppress evidence recovered from allegedly unconstitutional searches of their cell phones and for various types of pre-trial discovery. Torres also moves for a bill of particulars. For the reasons stated below, with one exception, Defendants' motions are denied.

**I.    DISCUSSION**

    **A.  Defendants' Motions to Suppress Cell Phone Evidence**

       Each Defendant -- Torres and Rosso -- moves to suppress the evidence recovered from the allegedly unconstitutional search of his respective cell phone. The Government represents that it does not intend to offer such evidence at trial. Therefore, Defendants' motions to suppress are denied as moot. *See United States v. Shaw*, No. 16 Cr. 642, 2017 WL 1380598, at *3 (S.D.N.Y. Apr. 13, 2017) (denying motion to suppress under *Miranda v. Arizona*, 384 U.S. 436 (1966), as moot "in light of the government's representation that it will not introduce any of the disputed statements"); *United States v. DiMarco*, No. 12 Cr. 205, 2013 WL 444764, at *13 (S.D.N.Y. Feb. 5, 2013) (denying motion to suppress evidence recovered from allegedly unconstitutional cell phone search as moot "because the Government does not seek to admit any evidence obtained" from it).

## B. Defendants' Motions for Disclosure of 404(b) Evidence

Defendants' motion to compel the Government to disclose Rule 404(b) evidence at least 21 days before trial is granted. Federal Rule of Evidence 404(b) requires that the Government provide "reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial." It does not define "reasonable notice." *See* Fed. R. Evid. 404(b). "Courts in this Circuit have held that two or three weeks notice is reasonable[, and] a longer period may be appropriate, depending on the circumstances." *United States v. Bonventre*, No. 10 Cr. 228, 2013 WL 2303726, at *9 (S.D.N.Y. May 28, 2013) (quoting *United States v. Saleh*, No. 10 Cr. 623, 2011 WL 1210207, at *8 (S.D.N.Y. Mar. 24, 2011)), *aff'd in part,* 646 Fed. App'x 73 (2d Cir. 2016) (summary order)). Defendants' application is granted. *See, e.g.*, *United States v. Brown*, No. 14 Cr. 509, 2016 WL 4734667, at *3 (S.D.N.Y. Sept. 9, 2016) (requiring disclosure of Rule 404(b) evidence 30 days prior to trial); *United States v. Zemlyansky*, 945 F. Supp. 2d 438, 484 (S.D.N.Y. 2013) (denying motion for immediate production of Rule 404(b) evidence but requiring disclosure 30 days before trial, as offered by the Government).

## C. Defendants' Motions for Disclosure of *Brady/Giglio/*Jencks Act Material

Torres seeks an order compelling the Government to disclose material under *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972), at least 60 days before trial. Rosso seeks the same, as well as the disclosure of Jencks Act material at least 21 days before trial. Both requests are denied.

"[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. at 87; *accord Wearry v. Cain*, 136 S. Ct. 1002, 1006 (2016). *Giglio* clarified that *Brady* material includes "[i]mpeachment

evidence." *United States v. Bagley*, 473 U.S. 667, 676 (1985) (citing *Giglio*, 405 U.S. at 154). "[A]s a general rule, *Brady* and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request by a defendant." *United States v. Coppa*, 267 F.3d 132, 146 (2d Cir. 2001). *Brady* material must be disclosed "in time for its effective use at trial." *United States v. Singletary*, No. 16 Cr. 595, 2017 WL 1190963, at *1 (2d Cir. 2017) (summary order) (quoting *Coppa*, 267 F.3d at 142).

Under the Jencks Act, "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subp[o]ena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500. "The practice in this District is to provide both *Giglio* and Jen[c]ks Act material at the same time, which should be at least one day prior to the testimony of the witness." *United States v. Reyes*, 417 F. Supp. 2d 257, 261 (S.D.N.Y. 2005); *accord United States v. Wey*, No. 15. Cr. 611, 2017 WL 237651, at *23 (S.D.N.Y. Jan. 18, 2017) (internal quotation marks omitted) (*Giglio* and Jencks Act material is "typically produced a week or two before the start of trial, depending on the complexity of the case."). "Usually, impeachment material may be used effectively even if it is provided during the trial." *United States v. Vondette*, 248 F. Supp. 2d 149, 156 (E.D.N.Y. 2001) (citing *United States v. Nixon*, 418 U.S. 683, 701 (1974)). "[*Giglio*] material does not ordinarily require any independent investigation to use it effectively at trial." *United States v. Espinal*, 96 F. Supp. 3d 53, 66 (S.D.N.Y. 2015) (quoting *United States v. Jacques Dessange, Inc.*, No. 99 Cr. 1182, 2000 WL 280050, *9 (S.D.N.Y. Mar. 14, 2000)). Because Defendants have not identified any special circumstances necessitating early disclosure, their motions to compel the early production of *Giglio* and Jencks Act material are denied. *See United States v. Canter*, 338 F. Supp. 2d 460,

462 (S.D.N.Y. 2004) ("Only where the complexity of the case is exceptional and the amount of evidentiary materials [the Government] produces is extremely voluminous may the Court order the Government to disclose such materials well in advance of trial.").

Regarding *Brady* material, the Government represents that it does not have any, is not aware of any, and will "promptly" produce any of which it becomes aware. Neither Defendant suggests that the Government has or is aware of any *Brady* material. As the Government recognizes its continuing obligation under *Brady*, and there is no suggestion of withholding such evidence, an order is unnecessary at this time. *See United States v. Carrington*, No. 2 Cr. 897, 2002 WL 31496199, at *3 (S.D.N.Y. Nov. 7, 2002); *United States v. McDonald*, No. 1 Cr. 1168, 2002 WL 2022215, at *1 (E.D.N.Y. Aug. 6, 2002).

### D. Defendants' Motion for Early Disclosure of Witnesses

Defendants' motion for disclosure of Government witnesses at least 21 days before trial is denied. The Government is not required to provide defense counsel with its witness list prior to trial. Fed. R. Crim. Proc. 16. "A district court has discretion to compel pretrial disclosure of . . . government witnesses, but it should grant a request only if the defendant makes 'a specific showing that disclosure is both material to the preparation of his defense and reasonable in light of the circumstances surrounding his case.'" *United States v. Nachamie*, 91 F. Supp. 2d 565, 579 (S.D.N.Y. 2000) (quoting *United States v. Cannone*, 528 F.2d 296, 300–01 (2d Cir. 1975)); *accord United States v. Bejasa*, 904 F.2d 137, 139–40 (2d Cir. 1990).

Courts in the Second Circuit typically deny motions for the early disclosure of witness lists where, as here, Defendants have not made a specific showing of need. *See, e.g.*, *United States v. Mohamed,* 148 F. Supp. 3d 232, 247 (S.D.N.Y. 2015); *United States v. Castellaneta*, No. 6 Cr. 684, 2006 WL 3392761, at *2 (S.D.N.Y. Nov. 20, 2006) (collecting cases). The cases

4

Defendants cite are distinguishable, as they involved longer and more complex schemes, or witnesses from foreign jurisdictions who might have needed to be deposed pursuant to letters rogatory. *See, e.g.*, *United States v. Savin*, No. 00 Cr. 45, 2001 WL 243533, at *7 (S.D.N.Y. Mar. 7, 2001) (directing the Government to notify Defendant of witnesses at least 30 days before trial where "[t]he pool of potential witnesses [was] large, preparation . . . of each witness will require investigation and review of many documents, and alleged wrongdoing spanned a six-year period"). Moreover, the Government has expressed concerns about the safety of cooperating witnesses should their identities be prematurely disclosed. *See Mohamed*, 148 F. Supp. 3d at 247 (denying motion to disclose witness list because "the Government has expressed . . . significant safety and security concerns"). Accordingly, Defendants' motion is denied.

### E. Torres's Motion for a Bill of Particulars

Torres moves for a bill of particulars that specifies, among other things, (1) the date Torres joined the alleged conspiracy; (2) the date Torres left the alleged conspiracy; and (3) Torres's specific role in the conspiracy, including dates, locations, identity of co-conspirators and quantity and type of controlled substances. Torres's motion is denied.

Under Federal Rule of Criminal Procedure 7(f), a court "may direct the government to file a bill of particulars." "A bill of particulars enables a defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *United States v. Ramirez*, 609 F.3d 495, 503 (2d Cir. 2010) (internal quotation marks omitted). It "is not a general investigative tool, a discovery device or a means to compel the government to disclose evidence or witnesses to be offered at trial." *United States v. Abakporo*, 959 F. Supp. 2d 382, 389 (S.D.N.Y. 2013) (citation omitted); *see also Bonventre*, 646 Fed. App'x at 79 (internal quotation marks omitted) (upholding the denial of a motion for a bill

of particulars because "such evidentiary detail is not the function of the bill of particulars."). A bill of particulars "is required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Chen*, 378 F.3d 151, 163 (2d Cir. 2004) (internal quotation marks omitted). "Moreover, a bill of particulars is not necessary where the government has made sufficient disclosures concerning its evidence and witnesses by other means." *Id.* (internal quotation marks omitted). "Whether to grant a bill of particulars is generally a decision entrusted to the sound discretion of the district court." *Ramirez*, 609 F.3d at 502.

The Superseding Indictment and the discovery the Government produced sufficiently apprise Torres of the acts of which he is accused, such that he can mount an adequate defense at trial. The Superseding Indictment alleges that "[f]rom at least in or about March 2015, up to and including in or about February 2016, in the Southern District of New York and elsewhere," Torres and his co-conspirators intentionally and knowingly conspired to distribute and possess with the intent to distribute controlled substances. The Superseding Indictment further alleges that the controlled substance Torres and his co-conspirators conspired to distribute and possess with the intent to distribute was "five kilograms and more of mixtures and substances containing a detectable amount of cocaine . . . ."

The Government supplemented the Superseding Indictment with discovery produced to Defendant, which the Government represents as including, "among other things, the dates of Torres's travel to the East Coast in connection with drug trafficking activities, as well as the dates of seizures . . . ." Torres's motion itself indicates that the Government has produced "a significant quantity of discovery, including wiretap materials, cellular telephone records and DHL invoices . . . ." Torres fails to explain why this apparently ample discovery is insufficient.

6

"Courts in this District have routinely denied requests for bills of particulars," where, as here, the defendant seeks to have the Government disclose the "wheres, whens, and with whoms of the crime." *Wey*, 2017 WL 237651, at *19 (internal quotation marks omitted); *see also United States v. Torres*, 901 F.2d 205, 233–34 (2d Cir. 1990) (affirming denial of bill of particulars requesting information about when the defendant was "alleged to have joined" the narcotics conspiracy, the identities of co-conspirators and the "precise dates and locations" of overt acts), *abrogated on other grounds by United States v. Marcus*, 628 F.3d 36, 41 (2d Cir. 2010); *United States v. Parris*, No. 13 Cr. 17, 2014 WL 2745332, at *5 (S.D.N.Y. June 17, 2014) (citation omitted) ("It is well settled that defendants need not know the means by which it is claimed they performed acts in furtherance of the conspiracy nor the evidence which the Government intends to adduce to prove their criminal acts."). Torres's bare assertion that "combing aimlessly thorough [sic] the discovery is simple [sic] too burdensome" is insufficient to justify a bill of particulars. *Cf. United States v. Bortnovsky*, 820 F.2d 572, 574–75 (2d Cir. 1987) (in a case regarding false claims for burglary losses, reversing conviction because of the district court's failure to grant a motion for a bill of particulars where the Government produced 4,000 documents regarding claims for burglary losses without identifying which claims it intended to prove were false); *Nachamie*, 91 F. Supp. 2d at 572–73 (in a Medicare fraud case, granting a motion for a bill of particulars because the Government produced over 200,000 pages relating to 2,000 Medicare claims without identifying which claims it intended to prove were false). As Torres has failed to justify his asserted need for a bill of particulars, the motion is denied.

## II. CONCLUSION

For the reasons stated, Defendants' motions to suppress the cell phone evidence are DENIED as moot. Defendants' motion to compel the Government to disclose Rule 404(b)

evidence at least 21 days before trial is granted.  Defendants' other motions for various types of pre-trial discovery, and Torres's motion for a bill of particulars, are DENIED.  The Clerk of Court is directed to close the motions at Docket Nos. 110 and 116.

Dated:  May 8, 2017
       New York, New York

                                      **LORNA G. SCHOFIELD**
                                     **UNITED STATES DISTRICT JUDGE**